COPY

1    Jeffrey Huron, Esq. (SBN: 136585)
    HURON LAW GROUP
2    1875 Century Park East, Suite 1000
    Los Angeles, CA 90067
3    Telephone: (310) 284-3400
    Facsimile: (310) 772-0037
4    E-mail: jhuron@huronlaw.com

5

6    Michael D. Fisse, Esq.
    (Pending admission *pro hac vice*)
    DAIGLE FISSE & KESSENICH, PLC
7    P. O. Box 5350
    Covington, LA 70434-5350
8    Telephone: (905) 871-0800
    Facsimile: (985) 871-0899
9    E-mail: mfisse@daiglefisse.com

10    ATTORNEYS FOR GE PACKAGED POWER, INC.

11            UNITED STATES DISTRICT COURT

12       FOR THE CENTRAL DISTRICT OF CALIFORNIA
               EASTERN DIVISION
13

14    ARB, INC. and ZURICH AMERICAN
    INSURANCE COMPANY
15              CASE NO. **ED CV 13 00513 JGB (DTBx)**
        Plaintiffs,
16

17    v.

18    GE PACKAGED POWER, INC., EXPRESS     NOTICE OF REMOVAL
    INTEGRATED TECHNOLOGIES, LLC, and
19    DOES 1 through 50;

20         Defendants.

21

22    TO THE HONORABLE JUDGE OF SAID COURT:

23       Defendant, GE Packaged Power, Inc. ("GE"), files this Notice of Removal and

24    respectfully states as follows:

                          1.
25

26       This Notice of Removal is filed without waiver of any Defendant's claim that this

27    matter was originally filed in an improper venue, or in a Court without proper exercise of jurisdiction

    over these claims and/or the persons of Defendants, and without waiver of any objection to the failure

28    or insufficiency of process or service of process on any Defendant herein.

FILED
2013 MAR 20  PM 3: 51
CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
RIVERSIDE
BY:___

-1-

2.

Plaintiffs, ARB, Inc. and Zurich American Insurance Company, commenced an action by filing a Complaint on 20 December 2012 and later filing a First Amended Complaint on 1 February 2013 in the Superior Court for the State of California for the County of Riverside, bearing the style and cause number <u>ARB, Inc. and Zurich American Insurance Company v. GE Packaged Power, Inc., Express Integrated Technologies, LLC, and Does 1 through 50</u>, cause number RIC 1218735. A copy of all process, pleadings, and orders contained in the State Court record is attached hereto as Exhibit "A."

3.

This Notice of Removal is being filed within thirty (30) days of Defendants' receipt of Plaintiffs' Complaint and First Amended Complaint or other papers from which it may have first been ascertained that the case is removable.

4.

This is a civil action over which this Court has original jurisdiction under 28 USC §1332, and is one which may be removed pursuant to the provisions of 28 USC §1441 in that it is a civil action between citizens of different states where the amount in controversy exceeds $75,000 exclusive of interest and costs.

5.

Both at the time of filing of Plaintiffs' Complaint and First Amended Complaint and at the time of removal, Plaintiff ARB, Inc. was and is a California corporation with its principal place of business in the State of California.

6.

Both at the time of filing of Plaintiffs' Complaint and First Amended Complaint and at the time of removal, Plaintiff Zurich American Insurance Company was and is a New York corporation with its principal place of business in the State of Illinois.

7.

Both at the time of filing of Plaintiffs' Complaint and First Amended Complaint and at the time of removal, Defendant, GE Packaged Power, Inc. was and is a Delaware corporation with its principal place of business in the State of Texas.

8.

Both at the time of filing of Plaintiffs' Complaint and First Amended Complaint and at the time of removal, Defendant, Express Integrated Technologies, LLC ("EIT") was and is an

1  Oklahoma limited liability company with its principal place of business in the State of Oklahoma.

2  Further, EIT's membership is wholly comprised of CCCG, LLC, an Oklahoma limited liability

3  company with its principal place of business in Oklahoma, which owns 100% of EIT. CCCG, LLC

4  itself is owned 100% by Express Group Holdings, LLC, which is a Delaware limited liability

5  company whose equity members include (1) Sterling Express Holdco Group Corp., a Delaware

6  corporation, (2) Express Assets Group, LLC, an Oklahoma LLC, all of whose equity participants

7  reside in Oklahoma and Indiana; and (3) 3CH, LLC, an Oklahoma, LLC whose members all reside
   in Oklahoma.

8                                              9.

9          Accordingly, diversity of citizenship exists.

10                                             10.

11         Plaintiffs' Complaint and First Amended Complaint claims entitlement to recovery of

12  damages against Defendants in amount of $556,943.20 allegedly incurred to repair certain

13  industrial equipment. The amount in controversy exceeds $75,000 exclusive of interest and costs.

14                                             11.

15         A copy of this Notice is being filed with the Clerk of Court for the Superior Court for

16  the State of California for the County of Riverside.

    Dated:        March 20, 2013

                                               Huron Law Group

                                        By:    _Jeffrey Hz_____
                                               Jeffrey Huron, Esq. (SBN: 136585)
                                               1875 Century Park East, Suite 1000
                                               Los Angeles, CA  90067
                                               Telephone: (310) 284-3400
                                               Facsimile:  (310) 772-0037

                                               **AND**

                                               Michael D. Fisse
                                               (Pending admission *pro hac vice*)
                                               Daigle Fisse & Kessenich, PLC
                                               P. O. Box 5350
                                               Covington, LA  70434-5350
                                               Telephone:  (985) 871-0800
                                               Facsimile:  (985) 871-0899

                                               Attorneys for Defendant,
                                               GE Packaged Power, Inc.

# EXHIBIT A



F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

DEC 20 2012

R. Mc Elyea

1   Jay D. Harker (SBN 167063)
    Clausen Miller P.C.
2   2040 Main Street, Suite 500
    Irvine, CA 92614
3   Telephone 949-260-3100
    Facsimile 949-260-3190
4
    Attorneys for Plaintiffs ARB, Inc. and Zurich
5   American Insurance Company

6

7

8             SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF RIVERSIDE

10

11   ARB, INC. and ZURICH AMERICAN       Case No. RIC 1 2 1 8 7 3 5
    INSURANCE COMPANY
12                                   COMPLAINT FOR:
              Plaintiffs,                 1.   BREACH OF EXPRESS
13                                         WARRANTIES
    vs.                             2.   NEGLIGENCE
14                                     3.   STRICT PRODUCTS LIABILITY
    GE PACKAGED POWER, INC., EXPRESS
15   INTEGRATED TECHNOLOGIES, LLC, and
    DOES 1 through 50,
16
              Defendants.
17

18

19         COME NOW plaintiffs ARB, Inc. and Zurich American Insurance Company

20   (collectively, "plaintiffs") and for their complaint against the defendants state and allege as

21   follows:

22                             **GENERAL ALLEGATIONS**

23         1.       Plaintiff Zurich American Insurance Company ("Zurich") is a New York

24   corporation engaged in the insurance business with a statutory home office located at One

25   Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York 10006, and a principal

26   place of business located at 1400 American Lane, Schaumburg, Illinois 60196. It is

27   authorized to transact business and has transacted business in California.

28         2.       Zurich issued insurance policy number MBR 4553383-06 (the "Policy"),

1  effective from February 28, 2010 to February 28, 2011, to Primoris Services Corporation and
2  all affiliated and subsidiary companies.

3      3.      Plaintiff ARB, Inc. ("ARB") is a California corporation with a principal place
4  of business located at 26000 Commercentre Drive, Lake Forest, California  92630.  At all
5  relevant times ARB was a wholly-owned subsidiary of Primoris Services Corporation.

6      4.      Plaintiffs are informed and believe, and thereon allege, that defendant GE
7  Packaged Power, Inc. ("GE") is a Delaware corporation with a principal place of business in
8  Schenectady, New York.

9      5.      Plaintiffs are informed and believe, and thereon allege, that defendant Express
10  Integrated Technologies, LLC ("EIT") is an Oklahoma limited liability company with a
11  principal place of business in Tulsa, Oklahoma.

12      6.      ARB entered into a November 12, 2009 contract with the City of Riverside
13  (the "City") to provide services for the construction of Riverside Energy Resource Center
14  Units 3&4 Generating Facility (the "Project").

15      7.      The Policy applied to the Project in September 2010.

16      8.      The City was owner of the Project and was an insured under the Policy in
17  September 2010.

18      9.      In or about November 2007, the City entered into an agreement with GE (the
19  "Equipment Sale Contract") for GE to supply and sell equipment to the City for use at the
20  Project, including but not limited to an LM6000 turbine (the "Turbine") and associated
21  ductwork.

22      10.      GE, in turn, hired EIT to fabricate the Turbine's ductwork, including but not
23  limited to a diffuser section (the "Diffuser"), the first piece of ductwork after the engine.

24      11.      EIT fabricated the Turbine's ductwork, including but not limited to the
25  Diffuser, and shipped it to the City for use with the Turbine at the Project.

26      12.      GE manufactured the Turbine and shipped it to the City for use with the
27  ductwork fabricated by EIT at the Project.

28      13.      Plaintiffs are informed and believe that EIT hired David Caffey for work at the

-2-
COMPLAINT

1  Project's site that required the starting of fans which had been installed in connection with
2  the Turbine. On or about September 9, 2010, Mr. Caffey asked that these fans be turned on.
3  Unbeknownst to anyone at the site, debris had become stuck inside the Diffuser during its
4  fabrication at EIT and remained stuck and hidden inside the Diffuser when the Diffuser was
5  shipped to the Project's site. This hidden debris included sand blast material, welding rod
6  material, and weld plate cutout. When the fans were turned on, some of the hidden debris
7  dislodged from the Diffuser, entered the Turbine, and caused substantial damage to the
8  Turbine (the "Incident").

9      14.   In Article 13 of the Equipment Sale Contract, GE warrants to the purchaser
10  (the City) that the equipment to be delivered under the Equipment Sale Contract will be free
11  from defects in material and workmanship, and that services to be provided shall be
12  performed in a competent manner. Since "Equipment" is defined to include the "Unit
13  exhaust ducting," the warranty applies to both the Turbine and the Diffuser.

14      15.   The City owned the Turbine and connected ductwork, including the Diffuser,
15  at the time of the Incident. The City was required under its contract with ARB to be an
16  insured under the Policy. The City required ARB to submit a claim to Zurich for the damage
17  to the Turbine.

18      16.   The Turbine was shipped to a GE facility where it was repaired. GE billed the
19  City for the repair work.

20      17.   Pursuant to and as required by the Policy, Zurich paid $506,943.20 for GE's
21  repair of the damaged Turbine.  ARB absorbed the Policy's $50,000 deductible by
22  contributing that amount for the repair costs. The total loss incurred by Zurich and ARB
23  collectively was $556,943.20.

### FIRST CAUSE OF ACTION

### BREACH OF EXPRESS WARRANTIES

#### (As To GE And Does 1-10)

27      18.   Plaintiffs reallege and incorporate by reference herein each of the allegations
28  set forth in paragraphs 1-17, inclusive, as though fully set forth herein.

1     19.    GE expressly warranted to the City in Article 13 of the Equipment Sale
2  Contract:

3                "that (i) the Equipment to be delivered hereunder (A) shall be fit
4                for the purpose of generating electric power when operated in
5                accordance with the Seller's specific written operation
6                instructions and, in the absence thereof, in accordance with
7                generally accepted operation practices of the electric power
8                producing industry and (B) shall be free from defects in material,
9                workmanship and title; and (ii) the Services shall be performed in
10               a competent, diligent manner."

11     20.    GE breached its express warranties in that the above-quoted representations
12  were false with respect to the Turbine and its associated ductwork, in particular the Diffuser.
13  Specifically, the hidden debris in the Diffuser constituted defects in material and
14  workmanship of the Turbine and its associated ductwork. The hidden debris was the result
15  of improper fabrication.

16     21.    As a direct and proximate result of GE's breach of express warranties, the
17  Incident occurred and plaintiffs suffered damages as alleged herein.

18     22.    After the Incident, the existence of the express warranties quoted above was
19  unknown to the plaintiffs, since neither ARB nor Zurich had a copy of the Equipment Sale
20  Contract at the time.

21     23.    Plaintiffs are informed and believe, and thereon allege, that GE was on notice
22  immediately after the Incident that the damage to the Turbine resulted from contaminants in
23  equipment supplied under the Equipment Sale Contract.

24     24.    The City asked GE to provide its position with respect to the contamination of
25  the Turbine. In response, GE took the position in a September 27, 2010 letter that the origin
26  of the debris was irrelevant since the contamination was caused by incomplete cleaning
27  during installation.

28     25.    GE was tasked with repairing and cleaning the Turbine. In order to best repair

1  and clean the Turbine, good practice required GE to confirm the nature and origin of the
2  contaminants in the Turbine.

3      26.    On October 8, 2010, a consulting engineer retained by Zurich contacted GE
4  representatives via email, referenced "Zurich Claim No.:  5570087531," and stated: "The
5  insurance company for Primoris Services has asked me to look at the LM6000 [the Turbine]
6  from the City of Riverside."  The engineer inquired when he could visit GE's facility to
7  inspect the Turbine.

8      27.    On October 13, 2010, Zurich's consulting engineer visited GE's facility in
9  Houston, Texas, and inspected the Turbine with representatives of the City and GE.  The
10 disassembled Turbine was examined and the cleaning process was discussed.  Following this
11 inspection Zurich's consulting engineer prepared a report.

12     28.    As documented in the post-inspection report of Zurich's consulting engineer,
13 sand-like debris was noticed "inside the gas turbine enclosure under the turbine exhaust" at
14 the time of the Incident.  Further, "[i]t was determined that the source of the sand-like debris
15 was the exhaust plenum."  This post-inspection report evidences that GE did in fact know,
16 shortly after the Incident, that the damage to the Turbine resulted from contaminants in
17 equipment supplied under the Equipment Sale Contract.

18     29.    Further, as also documented in the post-inspection report of Zurich's
19 consulting engineer, the participants in the inspection at GE's facility observed "gritty sand-
20 like debris" in the "turbine gas path" at the time of the inspection.

21     30.    The information available to Zurich, the City, and ARB at and around the time
22 of the October 13, 2010 Turbine inspection was that GE was well aware that the
23 contaminants which damaged the Turbine originated in the Turbine's ductwork.

24     31.    Plaintiffs' counsel first received a copy of the Equipment Sale Contract in late
25 2011 or early 2012, long after the Turbine had been cleaned and repaired by GE.  In July
26 2012, plaintiffs' counsel sent a letter to GE citing Article 13 of the Equipment Sale Contract,
27 asserting that GE breached the warranty that its equipment be free from defects in material
28 and workmanship, and demanding that GE reimburse plaintiffs for their losses.  The timing

1   of this letter was reasonable in that: (1) GE already knew shortly after the Incident that the

2   contaminants originated from equipment supplied under the Equipment Sale Contract; (2)

3   Zurich, the City, and ARB either knew or had reliable information circa October 2010 that

4   GE was already aware of the origin of the debris; (3) plaintiffs are the parties which bore the

5   loss and plaintiffs did not have the Equipment Sale Contract until late 2011 or early 2012;

6   and (4) the Turbine had been repaired and cleaned long before the letter was sent.

7        32.    As owner of the Project and the Turbine, the City is a subrogor of Zurich and

8   ARB, the parties which absorbed the loss. Zurich and ARB stand in the shoes of the City

9   with respect to its rights against GE under the Equipment Sale Contract, and are entitled to

10   enforce the express warranties made by GE therein.

11                    **SECOND CAUSE OF ACTION**

12                       **NEGLIGENCE**

13                   **(As To All Defendants)**

14        33.    Plaintiffs reallege and incorporate by reference herein each of the allegations

15   set forth in paragraphs 1-32, inclusive, as though fully set forth herein.

16        34.    Defendants, and each of them, had a duty to use ordinary and reasonable care

17   to properly design, manufacture, fabricate, assemble, outfit, test, inspect, perform, describe,

18   train, write, draft, and/or warn about the Turbine and its ductwork, including the Diffuser,

19   and/or some other product, system, or service provided for or used at the Project and/or some

20   component, accessory, instruction manual, drawing, other writing, and/or aspect thereof,

21   and/or a related device, item, piece of equipment, and/or connection, and to properly

22   supervise such activities.

23        35.    Plaintiffs are informed and believe, and thereupon allege, that defendants, and

24   each of them, breached their duty of care by, among other things, negligently designing,

25   manufacturing, fabricating, assembling, outfitting, testing, inspecting, performing,

26   describing, training, writing, drafting, and/or warning about the Turbine and its ductwork,

27   including the Diffuser, and/or some other product, system, and/or service provided for or

28   used at the Project, and/or some component, accessory, instruction manual, drawing, other

1 writing, and/or aspect thereof, and/or a related device, item, piece of equipment, and/or

2 connection, and/or negligently supervising such activities.

3      36.   As a direct and proximate result of the negligent and careless acts or omissions

4 of said defendants, and each of them, plaintiffs suffered damages as alleged herein.

5 **THIRD CAUSE OF ACTION**

6 **STRICT PRODUCTS LIABILITY**

7 **(As To All Defendants)**

8      37.   Plaintiffs reallege and incorporate by reference herein each of the allegations

9 set forth in paragraphs 1-36, inclusive, as though fully set forth herein.

10      38.   Defendants were at all relevant times in the business of designing,

11 manufacturing, fabricating, assembling, outfitting, testing, inspecting, describing, training,

12 writing, drafting, warning about, supplying, selling and/or distributing the Turbine and its

13 ductwork, including the Diffuser, its drawings, its user manual, and/or some other product,

14 including but not limited to accessory writings, provided for or used at the Project that was

15 involved in the Incident.

16      39.   Defendants, and each of them, knew and intended that the Turbine and its

17 ductwork, including the Diffuser, and/or some other product, including but not limited to

18 accessory writings, provided for or used at the Project, and/or some component, accessory,

19 instruction manual, drawing, other writing, and/or aspect thereof, and/or a related device,

20 item, piece of equipment, and/or connection, would be purchased, installed, and used in

21 reliance upon the defendants' perceived expertise as specialists in the design and fabrication

22 of such products and without inspection of hidden, interior areas by the installer's or ultimate

23 user's personnel or contractors.

24      40.   The Turbine and its ductwork, including the Diffuser, instruction manual,

25 drawings, and/or some other product, component, accessory, other writing, and/or aspect

26 thereof were defective for reasons including, but not limited to, those alleged above. The

27 defects existed when the Turbine and its ductwork, including the Diffuser, instruction

28 manual, drawings, and/or other product, and/or component, accessory, other writing, and/or

1    aspect thereof, and/or a related device, item, piece of equipment, and/or connection, left

2    defendants' possession.  The Incident resulted from the Turbine and its ductwork, including

3    the Diffuser, instruction manual, drawings, and/or some other product, and/or component,

4    accessory, other writing, and/or aspect thereof, and/or related device, item, piece of

5    equipment, and/or connection, being used or readied for use in a foreseeable manner at the

6    Project.

7         41.    As a proximate result of such defect(s), the Incident occurred and plaintiffs

8    incurred damages as set forth herein.

9         **WHEREFORE**, plaintiffs pray for judgment as follows:

10        1.    For damages according to proof at trial;

11        2.    For prejudgment interest;

12        3.    For costs of suit incurred herein; and

13        4.    For such other and further relief as the Court deems just and proper.

14

15   DATED: December 19, 2012                CLAUSEN MILLER P.C.

16

17

18                                          BY _____

19                                              Jay D. Harker

20                                          Attorneys for Plaintiffs ARB, Inc. and Zurich
                                            American Insurance Company

21

22   885431

23

24

25

26

27

28

-8-
COMPLAINT

**ORIGINAL**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jay D. Harker (SBN 167063) CLAUSEN MILLER P.C. 2040 Main Street, Suite 500 Irvine, California 92614 | |

TELEPHONE NO.: 949.260.3100    FAX NO.: 949.260.3190
ATTORNEY FOR *(Name):* ARB, Inc. and Zurich American Insuranc
SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside, California 92501
BRANCH NAME: Historic Courthouse

CASE NAME: ARB, INC., et al. v. GE PACKAGED POWER, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 1218735 |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | RIC JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1.** Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[X] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

**2.** This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties        d. [ ] Large number of witnesses
b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
c. [ ] Substantial amount of documentary evidence            f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

**4.** Number of causes of action *(specify):* THREE

**5.** This case [ ] is [X] is not  a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 20, 2012

Jay D. Harker (SBN 167063)
_____
(TYPE OR PRINT NAME)                                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

*By Fax*
*CRC 2.303*

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]  **CIVIL CASE COVER SHEET**  Page 2 of 2

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA  92501
www.riverside.courts.ca.gov

NOTICE OF ASSIGNMENT TO DEPARTMENT FOR CASE MANAGEMENT PURPOSES
AND CASE MANAGEMENT CONFERENCE (CRC 3.722)

ARB, INC VS. GE PACKAGED POWER INC

CASE NO. RIC 1218735

This case is assigned to the Honorable Judge Craig G. Riemer
in Department 05 for case management purposes.
The Case Management Conference is scheduled for 06/19/13
at  8:30 in Department 05.

Case is Assigned to Department 02 for Law and Motion Purposes.

The plaintiff/cross-complainant shall serve a copy of this notice on
all defendants/cross-defendants who are named or added to the
complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6(a)(2) shall be
filed in accordance with that section.

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of
California, County of Riverside, and that I am not a party to this
action or proceeding. In my capacity, I am familiar with the practices
and procedures used in connection with the mailing of correspondence.
Such correspondence is deposited in the outgoing mail of the Superior
Court. Outgoing mail is delivered to and mailed by the United States
Postal Service, postage prepaid, the same day in the ordinary course
of business. I certify that I served a copy of the foregoing
notice on this date, by depositing said copy as stated above.

Dated: 12/20/12                    Court Executive Officer/Clerk

                             By: _____
                                   RICQUEL L MCELYEA, Deputy Clerk

ac:cmc;cmcb;cmch;cmct;cmcc
cmccb;cmcch;cmcct

# SUMMONS
## (CITATION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** GE PACKAGED POWER, INC., EXPRESS
*(AVISO AL DEMANDADO):* INTEGRATED TECHNOLOGIES, LLC, and
DOES 1 through 50

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

DEC 20 2012
R. Mc Elyea

KBM
DEC 2 0 2012

**YOU ARE BEING SUED BY PLAINTIFF:** ARB, INC. and ZURICH
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* AMERICAN INSURANCE
COMPANY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of the State of California
County of Riverside
4050 Main Street
Riverside, California 92501

**CASE NUMBER:**
*(Número de Caso):*
RIC 1218735

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jay D. Harker (SBN 167063)          949.260.3100   949.260.3190
CLAUSEN MILLER P.C.
2040 Main Street, Suite 500
Irvine, California 92614

DATE:                                Clerk, by _____, Deputy
*(Fecha)*  DEC 2 0 2012              *(Secretario)*                    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

Legal
Solutions
Plus


ORIGINAL

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | |
|---|---|
| ☐ BANNING 135 N. Alessandro Rd., Banning, CA 92220 | ☐ MORENO VALLEY 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 |
| ☐ BLYTHE 265 N. Broadway, Blythe, CA 92225 | ☐ MURRIETA 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ HEMET 880 N. State St., Hemet, CA 92543 | ☒ RIVERSIDE 4050 Main St., Riverside, CA 92501 |
| ☐ INDIO 46-200 Oasis St., Indio, CA 92201 | ☐ TEMECULA 41002 County Center Dr., Ste. 100, Temecula, CA  92591 |

RI-030

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*:
Jay D. Harker (SBN 167063)
CLAUSEN MILLER P.C.
2040 Main Street, Suite 500
Irvine, California 92614
TELEPHONE NO. 949.260.3100    FAX NO. *(Optional)*  949.260.3190
E-MAIL ADDRESS *(Optional)*: jharker@clausen.com
ATTORNEY FOR *(Name)*: ARB, Inc. and Zurich American Insuranc

FOR COURT USE ONLY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

DEC 2 0 2012

R. Mc Elyea

PLAINTIFF/PETITIONER: ARB, INC. and ZURICH AMERICAN
INSURANCE COMPANY

DEFENDANT/RESPONDENT: GE PACKAGED POWER, INC., EXPRESS
INTEGRATED TECHNOLOGIES, LLC, and DOES 1 through 50

CASE NUMBER: RIC  1 2 1 8 7 3 5

## CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒  The action arose in the zip code of: 92504 _____

☐  The action concerns real property located in the zip code of: _____

☐  The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date December 19, 2012 _____

JAY D. HARKER _____
(TYPE OR PRINT NAME OF   ☒ ATTORNEY   ☐ PARTY MAKING DECLARATION)

▶   _____
(SIGNATURE)

Approved for Mandatory Use
Riverside Superior Court
RI-030 (Rev. 07/01/12)

CERTIFICATE OF COUNSEL

Page 1 of 1
Local Rule 1.0015
riverside.courts.ca.gov/localforms/localforms.shtml

RI-030



1  Jay D. Harker (SBN 167063)
   Clausen Miller P.C.
2  2040 Main Street, Suite 500
   Irvine, CA 92614
3  Telephone 949-260-3100
   Facsimile 949-260-3190
4
   Attorneys for Plaintiffs ARB, Inc. and Zurich
5  American Insurance Company

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

FEB 01 2013

J. SIRACUSA

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF RIVERSIDE



10

| 11 ARB, INC. and ZURICH AMERICAN INSURANCE COMPANY | Case No. RIC 1218735 |
|---|---|
| 12            Plaintiffs, | [Assigned to the Honorable Judge Craig G. Riemer in Department 05 for Case Management Purposes; Assigned to Department 02 for Law and Motion Purposes] |
| 13 vs. | |
| 14 GE PACKAGED POWER, INC., EXPRESS INTEGRATED TECHNOLOGIES, LLC, and DOES 1 through 50, | |
| 15 | FIRST AMENDED COMPLAINT FOR: |
| 16            Defendants. | 1.  BREACH OF EXPRESS WARRANTIES |
| 17 | 2.  NEGLIGENCE 3.  STRICT PRODUCTS LIABILITY |

18

19

20

21          COME NOW plaintiffs ARB, Inc. and Zurich American Insurance Company

22  (collectively, "plaintiffs") and for their complaint against the defendants state and allege as

23  follows:

24                        **GENERAL ALLEGATIONS**

25          1.      Plaintiff Zurich American Insurance Company ("Zurich") is a New York

26  corporation engaged in the insurance business with a statutory home office located at One

27  Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York 10006, and a principal

28  place of business located at 1400 American Lane, Schaumburg, Illinois 60196. It is

-1-
FIRST AMENDED COMPLAINT

1  authorized to transact business and has transacted business in California.

2      2.    Zurich issued insurance policy number MBR 4553383-06 (the "Policy"),
3  effective from February 28, 2010 to February 28, 2011, to Primoris Services Corporation and
4  all affiliated and subsidiary companies.

5      3.    Plaintiff ARB, Inc. ("ARB") is a California corporation with a principal place
6  of business located at 26000 Commercentre Drive, Lake Forest, California 92630. At all
7  relevant times ARB was a wholly-owned subsidiary of Primoris Services Corporation.

8      4.    Plaintiffs are informed and believe, and thereon allege, that defendant GE
9  Packaged Power, Inc. ("GE") is a Delaware corporation with a principal place of business in
10  Schenectady, New York.

11      5.    Plaintiffs are informed and believe, and thereon allege, that defendant Express
12  Integrated Technologies, LLC ("EIT") is an Oklahoma limited liability company with a
13  principal place of business in Tulsa, Oklahoma.

14      6.    Plaintiffs are unaware of the true identities, including but not limited to the
15  names, natures, capacities, and involvement, of each of the defendants sued herein as Does 1
16  through 50, inclusive, and therefore sue these defendants by fictitious names. Plaintiffs will
17  amend this complaint to allege the true names of Does 1 through 50, and each of them, when
18  ascertained.

19      7.    Plaintiffs are informed and believe, and thereupon allege, that each of the
20  defendants sued herein, including Does 1 through 50, inclusive, is and was at all times
21  material hereto in some manner responsible for or a party to the disputes and other acts or
22  omissions alleged herein.

23      8.    ARB entered into a November 12, 2009 contract with the City of Riverside
24  (the "City") to provide services for the construction of Riverside Energy Resource Center
25  Units 3&4 Generating Facility (the "Project").

26      9.    The Policy applied to the Project in September 2010.

27      10.    The City was owner of the Project and was an insured under the Policy in
28  September 2010.

1      11.    In or about November 2007, the City entered into an agreement with GE (the

2  "Equipment Sale Contract") for GE to supply and sell equipment to the City for use at the

3  Project, including but not limited to an LM6000 turbine (the "Turbine") and associated

4  ductwork.

5      12.    GE, in turn, hired EIT to fabricate the Turbine's ductwork, including but not

6  limited to a diffuser section (the "Diffuser"), the first piece of ductwork after the engine.

7      13.    EIT fabricated the Turbine's ductwork, including but not limited to the

8  Diffuser, and shipped it to the City for use with the Turbine at the Project.

9      14.    GE manufactured the Turbine and shipped it to the City for use with the

10  ductwork fabricated by EIT at the Project.

11      15.    Plaintiffs are informed and believe that EIT hired David Caffey for work at the

12  Project's site that required the starting of fans which had been installed in connection with

13  the Turbine. On or about September 9, 2010, Mr. Caffey asked that these fans be turned on.

14  Unbeknownst to anyone at the site, debris had become stuck inside the Diffuser during its

15  fabrication at EIT and remained stuck and hidden inside the Diffuser when the Diffuser was

16  shipped to the Project's site. This hidden debris included sand blast material, welding rod

17  material, and weld plate cutout. When the fans were turned on, some of the hidden debris

18  dislodged from the Diffuser, entered the Turbine, and caused substantial damage to the

19  Turbine (the "Incident").

20      16.    In Article 13 of the Equipment Sale Contract, GE warrants to the purchaser

21  (the City) that the equipment to be delivered under the Equipment Sale Contract will be free

22  from defects in material and workmanship, and that services to be provided shall be

23  performed in a competent manner. Since "Equipment" is defined to include the "Unit

24  exhaust ducting," the warranty applies to both the Turbine and the Diffuser.

25      17.    The City owned the Turbine and connected ductwork, including the Diffuser,

26  at the time of the Incident. The City was required under its contract with ARB to be an

27  insured under the Policy. The City required ARB to submit a claim to Zurich for the damage

28  to the Turbine.

1    18.    The Turbine was shipped to a GE facility where it was repaired.  GE billed the

2  City for the repair work.

3    19.    Pursuant to and as required by the Policy, Zurich paid $506,943.20 for GE's

4  repair of the damaged Turbine.  ARB absorbed the Policy's $50,000 deductible by

5  contributing that amount for the repair costs.  The total loss incurred by Zurich and ARB

6  collectively was $556,943.20.

### FIRST CAUSE OF ACTION

### BREACH OF EXPRESS WARRANTIES

### (As To GE And Does 1-10)

20.    Plaintiffs reallege and incorporate by reference herein each of the allegations
set forth in paragraphs 1-19, inclusive, as though fully set forth herein.

21.    GE expressly warranted to the City in Article 13 of the Equipment Sale
Contract:

> "that (i) the Equipment to be delivered hereunder (A) shall be fit
> for the purpose of generating electric power when operated in
> accordance with the Seller's specific written operation
> instructions and, in the absence thereof, in accordance with
> generally accepted operation practices of the electric power
> producing industry and (B) shall be free from defects in material,
> workmanship and title; and (ii) the Services shall be performed in
> a competent, diligent manner."

22.    GE breached its express warranties in that the above-quoted representations
were false with respect to the Turbine and its associated ductwork, in particular the Diffuser.
Specifically, the hidden debris in the Diffuser constituted defects in material and
workmanship of the Turbine and its associated ductwork.  The hidden debris was the result
of improper fabrication.

23.    As a direct and proximate result of GE's breach of express warranties, the
Incident occurred and plaintiffs suffered damages as alleged herein.

24.    After the Incident, the existence of the express warranties quoted above was unknown to the plaintiffs, since neither ARB nor Zurich had a copy of the Equipment Sale Contract at the time.

25.    Plaintiffs are informed and believe, and thereon allege, that GE was on notice immediately after the Incident that the damage to the Turbine resulted from contaminants in equipment supplied under the Equipment Sale Contract.

26.    The City asked GE to provide its position with respect to the contamination of the Turbine.  In response, GE took the position in a September 27, 2010 letter that the origin of the debris was irrelevant since the contamination was caused by incomplete cleaning during installation.

27.    GE was tasked with repairing and cleaning the Turbine.  In order to best repair and clean the Turbine, good practice required GE to confirm the nature and origin of the contaminants in the Turbine.

28.    On October 8, 2010, a consulting engineer retained by Zurich contacted GE representatives via email, referenced "Zurich Claim No.:  5570087531," and stated: "The insurance company for Primoris Services has asked me to look at the LM6000 [the Turbine] from the City of Riverside."  The engineer inquired when he could visit GE's facility to inspect the Turbine.

29.    On October 13, 2010, Zurich's consulting engineer visited GE's facility in Houston, Texas, and inspected the Turbine with representatives of the City and GE.  The disassembled Turbine was examined and the cleaning process was discussed.  Following this inspection Zurich's consulting engineer prepared a report.

30.    As documented in the post-inspection report of Zurich's consulting engineer, sand-like debris was noticed "inside the gas turbine enclosure under the turbine exhaust" at the time of the Incident.  Further, "[i]t was determined that the source of the sand-like debris was the exhaust plenum."  This post-inspection report evidences that GE did in fact know, shortly after the Incident, that the damage to the Turbine resulted from contaminants in equipment supplied under the Equipment Sale Contract.

31.   Further, as also documented in the post-inspection report of Zurich's consulting engineer, the participants in the inspection at GE's facility observed "gritty sand-like debris" in the "turbine gas path" at the time of the inspection.

32.   The information available to Zurich, the City, and ARB at and around the time of the October 13, 2010 Turbine inspection was that GE was well aware that the contaminants which damaged the Turbine originated in the Turbine's ductwork.

33.   Plaintiffs' counsel first received a copy of the Equipment Sale Contract in late 2011 or early 2012, long after the Turbine had been cleaned and repaired by GE. In July 2012, plaintiffs' counsel sent a letter to GE citing Article 13 of the Equipment Sale Contract, asserting that GE breached the warranty that its equipment be free from defects in material and workmanship, and demanding that GE reimburse plaintiffs for their losses. The timing of this letter was reasonable in that: (1) GE already knew shortly after the Incident that the contaminants originated from equipment supplied under the Equipment Sale Contract; (2) Zurich, the City, and ARB either knew or had reliable information circa October 2010 that GE was already aware of the origin of the debris; (3) plaintiffs are the parties which bore the loss and plaintiffs did not have the Equipment Sale Contract until late 2011 or early 2012; and (4) the Turbine had been repaired and cleaned long before the letter was sent.

34.   As owner of the Project and the Turbine, the City is a subrogor of Zurich and ARB, the parties which absorbed the loss. Zurich and ARB stand in the shoes of the City with respect to its rights against GE under the Equipment Sale Contract, and are entitled to enforce the express warranties made by GE therein.

## SECOND CAUSE OF ACTION

## NEGLIGENCE

### (As To All Defendants)

35.   Plaintiffs reallege and incorporate by reference herein each of the allegations set forth in paragraphs 1-34, inclusive, as though fully set forth herein.

36.   Defendants, and each of them, had a duty to use ordinary and reasonable care to properly design, manufacture, fabricate, assemble, outfit, test, inspect, perform, describe,

1  train, write, draft, and/or warn about the Turbine and its ductwork, including the Diffuser,

2  and/or some other product, system, or service provided for or used at the Project and/or some

3  component, accessory, instruction manual, drawing, other writing, and/or aspect thereof,

4  and/or a related device, item, piece of equipment, and/or connection, and to properly

5  supervise such activities.

6      37.    Plaintiffs are informed and believe, and thereupon allege, that defendants, and

7  each of them, breached their duty of care by, among other things, negligently designing,

8  manufacturing, fabricating, assembling, outfitting, testing, inspecting, performing,

9  describing, training, writing, drafting, and/or warning about the Turbine and its ductwork,

10  including the Diffuser, and/or some other product, system, and/or service provided for or

11  used at the Project, and/or some component, accessory, instruction manual, drawing, other

12  writing, and/or aspect thereof, and/or a related device, item, piece of equipment, and/or

13  connection, and/or negligently supervising such activities.

14      38.    As a direct and proximate result of the negligent and careless acts or omissions

15  of said defendants, and each of them, plaintiffs suffered damages as alleged herein.

16  **THIRD CAUSE OF ACTION**

17  **STRICT PRODUCTS LIABILITY**

18  **(As To All Defendants)**

19      39.    Plaintiffs reallege and incorporate by reference herein each of the allegations

20  set forth in paragraphs 1-38, inclusive, as though fully set forth herein.

21      40.    Defendants were at all relevant times in the business of designing,

22  manufacturing, fabricating, assembling, outfitting, testing, inspecting, describing, training,

23  writing, drafting, warning about, supplying, selling and/or distributing the Turbine and its

24  ductwork, including the Diffuser, its drawings, its user manual, and/or some other product,

25  including but not limited to accessory writings, provided for or used at the Project that was

26  involved in the Incident.

27      41.    Defendants, and each of them, knew and intended that the Turbine and its

28  ductwork, including the Diffuser, and/or some other product, including but not limited to

1   accessory writings, provided for or used at the Project, and/or some component, accessory,

2   instruction manual, drawing, other writing, and/or aspect thereof, and/or a related device,

3   item, piece of equipment, and/or connection, would be purchased, installed, and used in

4   reliance upon the defendants' perceived expertise as specialists in the design and fabrication

5   of such products and without inspection of hidden, interior areas by the installer's or ultimate

6   user's personnel or contractors.

7       42.   The Turbine and its ductwork, including the Diffuser, instruction manual,

8   drawings, and/or some other product, component, accessory, other writing, and/or aspect

9   thereof were defective for reasons including, but not limited to, those alleged above.  The

10   defects existed when the Turbine and its ductwork, including the Diffuser, instruction

11   manual, drawings, and/or other product, and/or component, accessory, other writing, and/or

12   aspect thereof, and/or a related device, item, piece of equipment, and/or connection, left

13   defendants' possession.  The Incident resulted from the Turbine and its ductwork, including

14   the Diffuser, instruction manual, drawings, and/or some other product, and/or component,

15   accessory, other writing, and/or aspect thereof, and/or related device, item, piece of

16   equipment, and/or connection, being used or readied for use in a foreseeable manner at the

17   Project.

18       43.   As a proximate result of such defect(s), the Incident occurred and plaintiffs

19   incurred damages as set forth herein.

20       **WHEREFORE,** plaintiffs pray for judgment as follows:

21       1.   For damages according to proof at trial;

22       2.   For prejudgment interest;

23       3.   For costs of suit incurred herein; and

24       4.   For such other and further relief as the Court deems just and proper.

25

26

27

28

1    DATED: January 30, 2013              CLAUSEN MILLER P.C.

2

3                                         BY

4                                            Jay D. Harker

5                                         Attorneys for Plaintiffs ARB, Inc. and Zurich
                                          American Insurance Company
6

7

8    885431

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-9-

ORIGINAL

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Jay D. Harker (SBN 167063)
CLAUSEN MILLER P.C.
2040 Main Street, Suite 500
Irvine, California 92614
TELEPHONE NO.: 949.260.3100   FAX NO. *(Optional):*   949.260.3190
E-MAIL ADDRESS *(Optional):* jharker@clausen.com
ATTORNEY FOR *(Name):* ARB, Inc. and Zurich American Insurance Company

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

FEB 19 2013

C. Mundo

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside, California 92501
BRANCH NAME: Historic Courthouse

PLAINTIFF/PETITIONER: ARB, INC. and ZURICH AMERICAN INSURA.
NCE COMPANY

DEFENDANT/RESPONDENT: GE PACKAGED POWER, INC., EXPRESS
INTEGRATED TECHNOLOGIES, LLC

| CASE NUMBER: |
|---|
| RIC 1218735 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [X] other *(specify documents):* NOTICE OF CASE ASSIGNMENT AND FIRST AMENDED COMPLAINT

3. a. Party served *(specify name of party as shown on documents served):* EXPRESS INTEGRATED TECHNOLOGIES, LLC
   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: 401 S. BOSTON, SUITE 2900, TULSA, OKLAHOMA 74103

5. I served the party *(check proper box)*
   a. [ ] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*   (2) at *(time):*
   b. [ ] by substituted service. On *(date):*   at *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*   from *(city):*   or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

| | | Page 1 of 2 |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | PROOF OF SERVICE OF SUMMONS    Legal<br>Solutions<br>& Plus | Code of Civil Procedure, § 417.10 |

CRC 2.303

By Fax

| PLAINTIFF/PETITIONER: ARB, INC. and ZURICH AMERICAN INSURA. NCE COMPANY | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: GE PACKAGED POWER, INC., EXPRESS INTEGRATED TECHNOLOGIES, LLC | RIC 1218735 |

5. c. [X] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* FEBRUARY 19, 2013     (2) from *(city):* IRVINE, CALIFORNIA

    (3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) [X] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. [ ] **by other means** *(specify means of service and authorizing code section):*

    [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. [ ] as an individual defendant.

  b. [ ] as the person sued under the fictitious name of *(specify):*

  c. [ ] as occupant.

  d. [X] On behalf of *(specify):* EXPRESS INTEGRATED TECHNOLOGIES, LLC

    under the following Code of Civil Procedure section:

| | |
|---|---|
| [X] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| | [ ] other: |

7. **Person who served papers**

  a. Name: DIANE NOFSINGER

  b. Address: 2040 MAIN STREET, SUITE 500, IRVINE, CALIFORNIA 92614

  c. Telephone number: 949.260.3100

  d. The fee for service was: $

  e. I am:

    (1) [X] not a registered California process server.

    (2) [X] exempt from registration under Business and Professions Code section 22350(b).

    (3) [ ] registered California process server:

      (i) [ ] owner [ ] employee [ ] independent contractor.

      (ii) Registration No.:

      (iii) County:

8. [X] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. [ ] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: FEBRUARY 19, 2013

DIANE NOFSINGER
   (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)          (SIGNATURE)

POS-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):<br>Jay D. Harker (SBN 167063)<br>CLAUSEN MILLER P.C.<br>2040 Main Street, Suite 500<br>Irvine, California 92614<br>TELEPHONE NO.: 949.260.3100   FAX NO. (Optional): 949.260.3190<br>E-MAIL ADDRESS (Optional): jharker@clausen.com<br>ATTORNEY FOR (Name): ARB, Inc. and Zurich American Insurance Company | **FOR COURT USE ONLY**<br>**F I L E D**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE<br>FEB 19 2013<br>C. Mundo |

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Riverside | |
|---|---|
| STREET ADDRESS: 4050 Main Street | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: Riverside, California 92501 | |
| BRANCH NAME: Historic Courthouse | |

| | |
|---|---|
| **PLAINTIFF/PETITIONER:** ARB, INC. and ZURICH AMERICAN<br>INSURANCE COMPANY<br>**DEFENDANT/RESPONDENT:** GE PACKAGED POWER, INC., EXPRESS<br>INTEGRATED TECHNOLOGIES, LLC | **CASE NUMBER:**<br>RIC 1218735 |
| **PROOF OF SERVICE OF SUMMONS** | **Ref. No. or File No.:** |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [X] other *(specify documents)*: NOTICE OF CASE ASSIGNMENT AND FIRST AMENDED COMPLAINT

3. a. Party served *(specify name of party as shown on documents served)*: GE PACKAGED POWER, INC.

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

4. Address where the party was served: 1209 ORANGE STREET, WILMINGTON, DELAWARE   19801

5. I served the party *(check proper box)*
   a. [ ] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:   (2) at *(time)*:
   b. [ ] by substituted service. On *(date)*:   at *(time)*:   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ] (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:   from *(city)*:   or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

Legal Solutions Plus

By Fax CRC 2.303

| PLAINTIFF/PETITIONER: ARB, INC. and ZURICH AMERICAN INSURANCE COMPANY | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: GE PACKAGED POWER, INC., EXPRESS INTEGRATED TECHNOLOGIES, LLC | RIC 1218735 |

5. c. [X] by mail and acknowledgment of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on (date): FEBRUARY 19, 2013    (2) from (city): IRVINE, CALIFORNIA

    (3) [ ] with two copies of the Notice and Acknowledgment of Receipt and a postage-paid return envelope addressed to me. (Attach completed Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) [X] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. [ ] by other means (specify means of service and authorizing code section):

    [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. [ ] as an individual defendant.

  b. [ ] as the person sued under the fictitious name of (specify):

  c. [ ] as occupant.

  d. [X] On behalf of (specify): GE PACKAGED POWER, INC.

    under the following Code of Civil Procedure section:

| | |
|---|---|
| [X] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
| [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
| [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
| [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
| [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
| | [ ] other: |

7. Person who served papers

  a. Name: DIANE NOFSINGER

  b. Address: 2040 MAIN STREET, SUITE 500, IRVINE, CALIFORNIA 92614

  c. Telephone number: 949.260.3100

  d. The fee for service was: $

  e. I am:

    (1) [X] not a registered California process server.

    (2) [X] exempt from registration under Business and Professions Code section 22350(b).

    (3) [ ] registered California process server:

      (i) [ ] owner  [ ] employee  [ ] independent contractor.

      (ii) Registration No.:

      (iii) County:

8. [X] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. [ ] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: FEBRUARY 19, 2013

DIANE NOFSINGER
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _(signature)_

(SIGNATURE)

1    **PROOF OF SERVICE**

2    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3        I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is

4    1875 Century Park East, Suite 1000, Los Angeles, California 90067.

5        On March 20, 2013, I served the following document(s) described as **NOTICE OF REMOVAL** on the interested parties in this action by placing true copies thereof

6    enclosed in sealed envelopes addressed as follows:

7    Jay D. Harker, Esq.
     Martin C. Sener, Esq.

8    Clausen Miller PC
     2040 Main Street, Suite 500

9    Irvine, California 92614

10   Eugene West, Esq.

11   West Corzine, LLP
     400 West Ventura Boulevard, Suite 205

12   Camarillo, CA 93010

13       **BY MAIL:**  I am "readily familiar" with Huron law group's practice for collecting and processing correspondence for mailing with the United States Postal

14   Service.  Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business.  Such envelope(s) were

15   placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.

16

17       **BY CM/ECF:**  Filing the document(s) listed above with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel

18   registered in the above-captioned action.

19       I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office

20   of a member of the bar of this Court at whose direction the service was made.

21       Executed on March 20, 2013, at Los Angeles, California.

22

23   /s/ Efrain Bailon
     Efrain Bailon

24

25

26

27

28

-1-

COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| ARB, INC. and ZURICH AMERICAN INSURANCE COMPANY | GE PACKAGED POWER, INC., EXPRESS INTEGRATED TECHNOLOGIES, LLC, and DOES 1 through 80 |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) Jay D. Harker, Esq. and Martin C. Senner, Esq. Clausen Miller PC 2040 Main Street, Suite 500 Irvine, CA 92614 | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) Jeffrey Huron, Esq. (SBN 136858) Huron Law Group 1875 Century Park East, Suite 1000 Los Angeles, CA 90067 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 2. U.S. Government Defendant
☐ 3. Federal Question (U.S. Government Not a Party)
☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. § 1332 - Diversity

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☒ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY:  Case Number:    ED  CV  13  005_3  JGB

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

| CV-71 (02/13) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

(DTBx)

MAR 20 2013

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  |  |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Riverside |  |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _Jeff Coy_      DATE: March 20, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Jesus Bernal and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

### EDCV13- 513 JGB (DTBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.